# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHNNY C. SUMNER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. CIV 17-089-RAW-KEW |
| | ) |
| CARL BEAR, Warden, | ) |
| | ) |
| Respondent. | ) |

## **OPINION AND ORDER**

This matter is before the Court on Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner, a pro se state prisoner currently incarcerated at Joseph Harp Correctional Center in Lexington, Oklahoma, is challenging his conviction in McIntosh County District Court Case No. 2013-181 for Child Sexual Abuse. He raises one ground for relief:

> Not guilty. The court did not have any biological evidence, the OSBI do not have any biological evidence, there are no evidence (material evidence) of child abuse, the alleged victim was not taken to a hospital.

(Dkt. 1 at 5).

Petitioner also complains that neither the victim nor he was examined by a qualified doctor, and he was not given the opportunity to testify at trial to explain the facts of the incident for which he was convicted. In addition, the Sheriff of Eufala County allegedly was not asked to testify, and Petitioner was not included in a conference between the trial judge and the district attorney that took place after two detectives testified. (Dkt. 1 at 12-13).

Respondent alleges the petition should be dismissed, because Petitioner has failed to exhaust his state court remedies for the claims in the petition. "A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). The court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). In federal habeas corpus actions, the petitioner bears the burden of showing he has exhausted his state court remedies as required by 28 U.S.C. § 2254(b). *See Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981); *Bond v. Oklahoma*, 546 F.2d 1369, 1377 (10th Cir. 1976). To satisfy the exhaustion requirement, a claim must be presented to the State's highest court through a direct appeal or a post-conviction proceeding. *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). Under the doctrine of comity, a federal court should defer action on claims properly within its jurisdiction until a state court with concurrent power has had an opportunity to consider the matter. *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).

The record shows Petitioner appealed his conviction to the Oklahoma Court of Criminal Appeals, which affirmed the Judgment and Sentence in *Sumner v. State*, No. F-2014-1080 (Okla. Crim. App. Jan. 6, 2016) (Dkt. 8-1). His one ground for relief on appeal was: "The trial court erred in allowing the State to refile the same charges against the Appellant after the case was dismissed at preliminary hearing" (Dkt. 8-2 at 1). Within that proposition of error, Petitioner argued that the State violated his right to a speedy trial, as

guaranteed by the United States Constitution and the Constitution of the State of Oklahoma. *Id.* at 2.

This habeas corpus petition raises issues that have not been presented to the state courts. Respondent advises that Petitioner has an available state-court remedy through an application for post-conviction relief pursuant to Okla. Stat. tit. 22, § 1080. The Court, therefore, finds Petitioner's claims are unexhausted, and the petition must be dismissed without prejudice.

The Court further concludes Petitioner has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also* 28 U.S.C. § 2253(c). Therefore, a certificate of appealability cannot be issued.

**ACCORDINGLY,** Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus (Dkt. 7) is GRANTED, and the petition is DISMISSED WITHOUT PREJUDICE. Petitioner also is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 1st day of March, 2018.

*Ronald A. White*
Ronald A. White
United States District Judge
Eastern District of Oklahoma